UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN D. FLANAGAN II,<br><br>                Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION AND UNKNOWN OFFICIALS AND FEDERAL ACTORS OF THE FBI,<br><br>                Defendants. | CASE NO. 19-5098 RJB<br><br>ORDER ON FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS AMENDED COMPLAINT |

This matter comes before the Court on the Federal Bureau of Investigation's ("FBI") Motion to Dismiss Amended Complaint. Dkt. 17. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

Plaintiff, acting *pro se*, filed this case, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), asserting that the FBI and unknown FBI officials and actors ("Individual *Bivens* Defendants") violated his Second Amendment rights when they denied him a federal firearm license three times via the National Instant Criminal Background Check System ("NICS"). Dkt. 10.

ORDER ON FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS AMENDED COMPLAINT - 1

## I. FACTS AND PENDING MOTION

### A. FACTS

The following facts are taken from the Amended Complaint and attached exhibits (Dkts. 10-1-10-24).

The Plaintiff asserts that after a 1989 Class C non-violent felony conviction (resulting from a plea), his conviction was vacated and the file was sealed pursuant to RCW § 9.94A.640 in March of 2004. Dkts. 10-1, at 7-8, and 10-6, at 1-2. The Plaintiff maintains that in May of 1994, he applied for and was granted a Washington License to Carry a Concealed Pistol from the Thurston County Sheriff. Dkt. 10-1, at 8. He asserts that this license was valid until May 11, 2019, and has been active for 23 years. *Id.*

The Plaintiff alleges that while he has maintained his Washington Concealed Pistol Permit continually, he "has not owned firearms for several years and proceeded to attempt three firearm purchases in early 2016," and all three were denied based on his federal background check. Dkt. 10-1, at 10. He alleges that after the first denial, he "made an inquiry with the FBI to get additional information so he could correct any erroneous records." *Id.*, at 11. The Plaintiff maintains that he was "mailed a generic response . . . with [an] insufficient reason . . . for the denial other than quoting the law for which his Restoration of Firearms Rights Certificate exempted him . . . and no known means of identifying those responsible for denying his lawful purchases." *Id.* Plaintiff filed two appeals of the decision, and contacted Congressman Denny Heck in January of 2017, who initiated an investigation. Dkt. 10-1, at 12-13. He alleges that Congressman Heck later informed him that he was not qualified to judge the merits of his case. *Id.,* at 13.

The Plaintiff states that his employer signed a contract with the federal government and was "increasing pressure [on Plaintiff] to get his security clearance and causing [him] a great deal of concern . . . over the inconsistent and unexplained FBI actions." *Id.* He also asserts that he wanted to enjoy shooting activities with his children. *Id.*

The Plaintiff asserts that on February 8, 2017, he received a response to his first appeal, and the FBI changed the grounds for the denial. Dkt. 10-1, at 13. In that letter, which is attached to the Amended Complaint, the Plaintiff was informed that his restoration of rights certificate was "not sufficient to relieve [him] from federal firearms disabilities" and that a "vacated" conviction "remains a conviction for the purposes of determining eligibility to possess or receive firearms." Dkt. 10-18. He asserts that Individual *Bivens* Defendants knowingly violated his constitutional rights to purchase firearms because they had "overwhelming documentation in their possession which clearly demonstrated Plaintiff's constitutional right to purchase firearms." Dkt. 10-1, at 15. The Plaintiff maintains that the FBI concealed the identity of Individual *Bivens* Defendants "as a means to erode [Plaintiff's] ability to take actions beyond the limited NICS Denial appeal relief and 18 U.S.C. § 925A." *Id.,* at 11.

One day after the Plaintiff filed this case, on February 5, 2019, his two 2017 appeals were successful; he was notified by the FBI that he was eligible to possess or receive a firearm. Dkts. 10-1, at 14 and 10-24. He was also granted a unique personal identification number, which is issued by the FBI to someone who has successfully appealed a firearm denial. Dkts. 10-1, at 16 and 10-24. Plaintiff maintains that he "is unable to complete the two approved purchases" because of the time that has lapsed. Dkt. 10-1, at 16.

The Plaintiff claims his Second Amendment rights were violated. Dkt. 10-1, at 10. He also references the Fourteenth Amendment (Dkt. 10-1, at 10), which is the due process clause

that applies to states. Accordingly, the Court should construe Plaintiff's Amended Complaint to include a claim under the Fifth Amendment's due process clause. The Plaintiff seeks damages in the amount of $2,700,600, costs and attorneys' fees. *Id.*

**B. PENDING MOTION**

The government now moves for dismissal of the constitutional claims asserted against the FBI, arguing that under U.S. Supreme Court precedent, a *Bivens* suit cannot be maintained against a federal agency. Dkt. 17. To the extent the Plaintiff asserts some other ground for relief (a negligence claim, for example), it argues that the claim should be dismissed because this Court lacks jurisdiction over the claim due to the Plaintiff's failure to file an administrative claim. *Id.* The government moves to dismiss claims asserted against any Individual *Bivens* Defendants, arguing that the Plaintiff has failed to state a claim for relief against them. *Id.* It asserts that the Plaintiff has failed to point to any acts or omissions that would state constitutional violations. *Id.* Further, it maintains that the Plaintiff's attempts to extend *Bivens* in the context of the Second Amendment should be rejected. *Id.*

The Plaintiff opposes the motion. Dkt. 18. He then argues that he is not making a claim against the FBI but has only named the FBI so that he can discover the names of the individual agents who denied his appeals. *Id.* The Plaintiff opposes dismissal of any Individual *Bivens* Defendants, arguing that his Amended Complaint does state a claim for relief for constitutional violations, and that the Court should extend relief under *Bivens* into this new context. *Id.*

**C. ORGANIZATION OF OPINION**

This opinion will first provide the standards on a motion to dismiss for lack of jurisdiction and to dismiss for a failure to state a claim. It will then address the motion to dismiss the

constitutional claims brought against the FBI, all other non-constitutional claims asserted, and finally the constitutional claims made against any Individual *Bivens* Defendants.

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS FOR LACK OF JURISDICTION

A complaint must be dismissed under Fed. R. Civ. P. 12 (b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12 (b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

The United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107

(9th Cir. 1995). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

### B. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM STANDARD

Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### C. CONSTITUTIONAL DAMAGES CLAIMS AGAINST THE FBI

A *Bivens* suit cannot be brought against a federal agency, like the FBI. *F.D.I.C. v. Meyer,* 510 U.S. 471 (1994). "A *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). This is because a *Bivens* suit against a defendant in his or her official capacity would be another way of

pleading an action against the United States – a suit which would be barred by the doctrine of sovereign immunity. *Id.*

To the extent that he makes them, the Plaintiff's constitutional claims, under *Bivens*, asserted against the FBI should be dismissed. Despite the plain language in the Amended Complaint, the Plaintiff now asserts in his response, that the FBI is only named in the Amended Complaint "for the stated purpose of obtaining discovery material to identify the unknown Officials and Federal Actors of the FBI in their personal capacities." Dkt. 18, at 5. The Plaintiff now maintains he is not making a constitutional claim against the FBI. All constitutional claims against the FBI should be dismissed.

**D. OTHER TORT CLAIMS**

The government also moves for dismissal, to the extent that the Plaintiff is attempting to assert one, of any another tort claim, like negligence.

The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity. 28 U.S.C. § 1346 (b). The FTCA is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679 (b)(1). As a jurisdictional prerequisite, an FTCA action can only be instituted once an administrative claim is denied, either actually or constructively by the agency's failure to act upon the claim within six months. 28 U.S.C. § 2675(a). Thus, an FTCA action may not be maintained when the claimant fails to exhaust administrative remedies prior to filing suit. *McNeil v. United States*, 508 U.S. 206 (1993); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974) (statutory procedure is clear that a tort proceeding may not be commenced in court against the United States until the claim is conclusively denied or a lapse of

six months without action); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (claim requirement is jurisdictional in nature and may not be waived).

To the extent that the Plaintiff is asserting a claim against the FBI, based on negligence, or some other tort, the claim should be dismissed. The Plaintiff failed to show that he exhausted his administrative remedies. The United States has not waived sovereign immunity and this Court lacks jurisdiction over any common law FTCA claims. Those claims should be dismissed.

### E. CONSTITUTIONAL CLAIMS AGAINST ANY INDIVIDUAL *BIVENS* DEFENDANTS

Plaintiff makes claims under the Second Amendment and the Fifth Amendment's due process clause. The government moves to dismiss the constitutional claims asserted against any Individual *Bivens* Defendants, arguing that the Plaintiff has not plead sufficient facts to support a claim, and even if he had, there is no available remedy under *Bivens*. This opinion should first address whether a *Bivens* remedy is available here.

In *Bivens*, the U.S. Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017). Expanding *Bivens* remedies is disfavored. *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018). Indeed, since *Bivens*, which involved a warrantless search and seizure of an individual alleged to be involved in a drug offense, the U.S. Supreme Court "has only expanded this 'implied cause of action' twice. In *Davis v. Passman*, the Court provided a *Bivens* remedy under the Fifth Amendment's Due Process Clause for gender discrimination." *Id.* (*citing Davis v. Passman,* 442 U.S. 28 (1979)). In *Carlson v. Green*, the U.S. Supreme Court "expanded *Bivens* under the Eighth Amendment's Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment to a prisoner." *Id.* (*citing Carlson v. Green,* 446 U.S. 14 (1980)).

The Plaintiff asks this Court to expand the *Bivens* remedy for the initial denial, but eventual approval, of his federal application to purchase a gun as a violation of his Second and Fifth Amendment rights. All parties agree, and the Court's research reveals, that neither the U.S. Supreme Court nor the Ninth Circuit Court of Appeals have expanded *Bivens* in the context of federal actor's initial denial, but eventual approval, of a federal application to buy a gun. The circumstances of this case "arise in a new *Bivens* context;" it is "different in a meaningful way from previous *Bivens* cases decided" by the U.S. Supreme Court or the Ninth Circuit Court of Appeals. *Ziglar v. Abbasi,* 137 S. Ct. 1834, 1864 (2017)(*internal quotation marks and citation omitted*).

A two-step process is used to decide whether to recognize a *Bivens* remedy in a new context. *Vega,* at 1154. First, courts consider whether "any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id.* Second, "[a] *Bivens* remedy is not available . . . where there are special factors counselling hesitation in the absence of affirmative action by Congress." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017). Where, as here, there are adequate alternative remedies, there is no need to address whether any special factors counsel hesitation. *Vega,* at 1154.

Congress has created a statutory remedy for the improper denial of a federal application to purchase a firearm:

> Any person denied a firearm pursuant to subsection (s) or (t) of section 922—
>
> (1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or
> (2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,

> may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be.

18 U.S.C.A. § 925A (West). Congress has provided a specific remedy for protecting the interests that the Plaintiff advances here. That "amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages" under *Bivens* in this case. *Vega,* at 1154.

The Plaintiff's constitutional claims asserted against any Individual *Bivens* Defendants should be dismissed because he has failed to state a "cognizable legal theory" under which he would be entitled to relief. *Balistreri,* at 699. There is no *Bivens* remedy for the harms the Plaintiff alleges he suffered. The government's motion to dismiss the constitutional claims should be granted.

The Plaintiff refers to the possibility of amending his complaint. Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). In this case, any attempt by Plaintiff to amend the Amended Complaint would be futile, because he has not identified a cognizable legal theory. Any attempts at repleading the facts would yield the same results. Leave to amend should be denied and this case should be dismissed.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Federal Bureau of Investigation's Motion to Dismiss Amended Complaint (Dkt. 17) **IS GRANTED**; and

- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of May, 2019.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge